GAJARSA, Circuit Judge.

ORDER

The parties jointly move to vacate the judgment of the United States Court of Appeals for Veterans Claims in Malloy v. Nicholson, No. 04-2181, 2007 WL 715969, and to remand for further proceedings.
In the 1950s, Walter Malloy was granted service connection for neurocirculatory asthenia, later characterized as schizoaffective disorder. In 2001, Malloy’s disability rating was increased to 70 percent, effective June 22, 1999, the date on which he had filed a claim for an increased disability rating. In 2002, he also received a total disability rating based on individual unemployability, effective June 22, 1999. Malloy appealed to the Board of Veterans’ Appeals, seeking an earlier effective date of August 19, 1997 for the 70 percent disability rating and for the total disability rating. The Board granted an earlier effective date of July 9, 1998.
Malloy appealed to Court of Appeals for Veterans Claims. Malloy argued, inter alia, that he was entitled to an effective date in August 1997 because he submitted an August 1997 medical record to a regional office and that the record should have been treated as an informal claim for an increased rating. The Court of Appeals for Veterans Claims held, inter alia, that Malloy was not entitled to an effective date earlier than July 9, 1998 because there was no claim for benefits filed within one year after that medical record. The Court of Appeals for Veterans Claims relied on 38 *312 C.F.R. § 8.157(b)(1) and quoted a portion of that regulation in its opinion. The regulation states generally that certain medical records will be accepted as the date of receipt of a claim. The court stated that the regulation provides “among other things, that the date of admission or examination at a VA hospital 'will be accepted as the date of receipt of a claim ... when a claim specifying the benefit sought is received within one year from the date of such examination, treatment or hospital admission.’ ”
The ellipsis in the court’s opinion omitted language that Malloy and the Secretary of Veterans Affairs agree control the disposition of this case. The final sentence in subsection 3.157(b)(1) provides in full that “[t]he provisions of this paragraph apply only when such reports relate to examination or treatment of a disability for which service-connection has previously been established or when a claim specifying the benefit sought is received within one year from the date of such examination, treatment or hospital admission” (emphasis added to indicate omitted language).
The regulation, when read in full, provides that the date of admission or examination is treated as the date of receipt if either service connection has previously been established “or” if a formal claim is filed within one year of the medical record. We agree with the parties that the regulatory language does not require that a formal claim for increased benefits be filed within one year of the medical record when service connection has previously been established. Because in this case service connection was previously established, we grant the joint motion to vacate and remand to the Court of Appeals for Veterans Claims for further proceedings.
Accordingly,
IT IS ORDERED THAT:
(1) The motion to vacate the judgment of the Court of Appeals for Veterans Claims and to remand for further proceedings is granted.
(2) The revised official caption is reflected above.
(3) Each side shall bear its own costs.